# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Joel Thomas Broome, Respondent.

Appellate Case No. 2014-002480

Opinion No. 27492
Submitted February 3, 2015 – Filed February 11, 2015

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Henry Morris Anderson, Jr., of Anderson Law Firm, PA, of Florence, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension up to one (1) year. Respondent requests that any suspension be imposed retroactively to October 9, 2013, the date of his interim suspension.  In the Matter of Broome, 405 S.C. 621, 749 S.E.2d 114 (2013).   We accept the Agreement and suspend respondent from the practice of law in this state for six (6) months, retroactive to the date of his interim suspension.  The facts, as set forth in the Agreement, are as follows.

## Facts

On September 27, 2013, respondent was arrested and charged with Criminal Sexual Conduct - Third Degree.  On October 9, 2013, the Court placed respondent on interim suspension.  Id.

On March 17, 2014, respondent pled guilty to Assault and Battery - Third Degree. He was sentenced to thirty (30) days in jail, suspended upon service of six months of probation.[1] As part of his probation, an evaluation for substance abuse, anger, and sexual deviance was performed. After testing, the evaluator did not classify respondent with a substance abuse diagnosis and determined respondent did not need to participate in a substance abuse class or alcohol counseling. Regarding respondent's risk for sexual offense, the evaluator determined respondent has low risk indicators, suggesting respondent would not knowingly violate his own or another person's boundaries.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct) and Rule 8.4(c) (it is professional misconduct for lawyer to commit criminal act involving moral turpitude).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules for Professional Conduct).

## Conclusion

We accept the Agreement for Discipline by Consent and impose a six (6) month suspension, retroactive to the date of respondent's interim suspension. Id. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[1] Respondent has completed probation.